(22 Misc. Rep. 589.)

### ROSENBAUM v. SILVERMAN et al.

(Supreme Court, Special Term, New York County. February, 1898.)

**1. MORTGAGES—RECORD—NOTICE OF FRAUD—EXECUTORS.**

Executors, having power of sale, but not to mortgage, made a pretended sale, receiving from the purchaser two mortgages, for $15,000 and $20,000, respectively, for purchase money. The purchaser conveyed to an heir, who signed a mortgage for $5,000 and one for $15,000 in lieu of the $20,000 mortgage, which was discharged. The $5,000 mortgage, four months afterwards, was acknowledged and assigned. All the instruments were properly recorded, and the assignee had no notice of the fraud. *Held* that, under the recording acts, the assignee could enforce the mortgage.

**2. SAME—DUTY TO INQUIRE.**

The widow of testator, as executrix, and the executor, joined in a deed to a purchaser, who executed two mortgages, for $15,000 and $20,000, respectively. The purchaser conveyed the land to an heir, who executed two mortgages, one for $5,000, and another for $15,000, in lieu of the $20,000 mortgage, which was discharged. The $5,000 mortgage was assigned. The transactions were a fraudulent device to overcome lack of power in the executors to mortgage the property, but the assignee had no actual notice, and he took the affidavit of the last grantee and the executor as to the validity of the transaction. All instruments were recorded. *Held*, the assignee was not required to make further inquiry into the matter.

**3. USURY—WHAT CONSTITUTES—DISCOUNT.**

The fact that one to whom an instrument was assigned gave less than the face of the instrument does not make the transaction usurious.

**4. SAME—EXTENSION OF TIME.**

A subsequent extension, even if usurious interest is agreed to be taken, does not invalidate a security originally perfect.

Action by Daniel Rosenbaum against Anna H. Silverman and others to foreclose a mortgage. Judgment of foreclosure directed.

Bernard Metzger (William King Hall and David B. Ogden, of counsel), for plaintiff.

Benjamin N. Cardozo (Alfred Lyons, of counsel), for defendants.

RUSSELL, J. The validity of the mortgage sought to be foreclosed is attacked, as given by a sham purchaser, to evade the will of the testator, Henry W. Silverman, and also as usurious. The real estate covered by the mortgage was a part of that left by the testator, who gave a power of sale to his executors, Ernestine Silverman, wife, and Robert H. Silverman, son, and two others, who did not survive. The executor Robert H. Silverman, desirous of raising money for his own private purposes, procured his mother to join with him in an exec-

utors' deed to a friend, Albert Gans, pro hac vice, and the grantee to execute back two purchase-money mortgages for the full consideration, one for $15,000, and the other for $20,000. The next day, Gans deeded the lands, subject to the mortgages, to one of the three children of the testator, Anna H. Silverman, who, shortly after, signed, without acknowledging, a mortgage for $5,000, and one for $15,000, in place of the $20,000 purchase-money mortgage which was discharged. The $5,000 mortgage was acknowledged on the 26th of November, 1894, more than four months after the executors' deed and the purchase-money mortgages, and was the same day recorded and assigned to the plaintiff, who paid for the mortgage $4,636.13. The purchaser took affidavits from the executor Robert H. Silverman and the grantee, Anna H. Silverman, of the good faith and valuable character of the consideration, before parting with his money. The whole transaction was a fraud upon the estate of the testator. The power of sale, not covering the power to mortgage, became necessary for resort in order to obtain securities which could be sold by the executor Robert H. Silverman, and the proceeds applied to his own personal uses. The whole transaction was void, as against the interest of the estate, and the mortgages given by the mock purchasers unenforceable, unless equitable considerations should give them sufficient life, so that by their means the title might be brought back into the executors or beneficiaries for the protection of the estate itself. As between the persons who granted the title and the successive purchasers, no rights of action could be maintained in the courts because both were parties to a fraudulent scheme. Doubtless, an innocent devisee, or possibly the executors as trustees, might maintain an action to set aside the apparent conveyance and incumbrances; and it would not be necessary to enforce the lien of the mortgages, which lien was itself created in fraud.

Assuming, then, that the mortgages were void in the hands of the executors, could they convey a better title than they had themselves, even to an innocent purchaser? Upon what principle can a void chose in action be rendered valid in the hands of an assignee? How can executors who prima facie have nothing to do with real estate, by a simple power of sale contained in the will, accomplish the purpose of devesting the estate of the title to the land by a transaction which is simply an attempt to mortgage it for the personal benefit of one of the executors? This can only be done by giving a broad significance to the purposes of the recording act. Upon the record of the title as it stood on the 26th of November, 1894, the plaintiff could see the apparent execution of a deed by the executors to Gans; mortgages for the purchase money given back; a deed from Gans to Anna H. Silverman, subject to the mortgages; and the execution by her of a mortgage of $5,000, and one of $15,000, in place of the $20,000 purchase-money mortgage discharged. If he had bought the title to the lands on that day from Anna H. Silverman, without notice of fraud, he could have held that title under the protection given by the recording act, and doubtless may be able to so hold the assignment in case the void deed and mortgages back have sufficient life to start the recording act into effect, the invalidity not appearing upon the face of the record.

This question seems to have been determined by the court of appeals in the case of Benedict v. Arnoux, 154 N. Y. 715, 49 N. E. 326. The court of appeals, in that case, assumes that the executors executed the conveyance to Arnoux to avoid the terms of the will which gave them no power to mortgage, but yet held that as the mortgagee, Edwin Booth, advanced the amount of the mortgage executed by Arnoux to him, without notice that the sale was for the purpose of enabling Arnoux to mortgage the property, that mortgage was a valid live security in the hands of Booth, and that the knowledge that William H. Arnoux, the mortgagor's brother, who was the agent of the mortgagee, did not bind the principal, Booth, as the presumption of the disclosure to the principal did not apply where the agent was acting in fraud of his own principal. The logical sequence of this decision is that a mortgage, executed upon a title derived by fraudulent agreement with the executors under the execution of a power of sale, though void for all other purposes, is enforceable in the hands of an innocent mortgagee. There are doubtless some circumstances in connection with this title of Anna H. Silverman which might awaken a curiosity as to the nature of the transaction. But the information derived from the record itself, the joinder of the widow and the other executor in the deed to Gans, the receipt by them of the mortgage from Gans and Anna H. Silverman, together with the affidavits of the executor and the grantee, Anna H. Silverman, were sufficient to put the purchaser, from the knowledge and information which he then possessed, at ease, and no circumstances appear in this case sufficient to have compelled a deeper inquiry on his part. Assuming that, so far as this plaintiff's rights are affected, he has the legal power to declare the mortgage executed by Anna H. Silverman to have had a valid inception, there can be no usury in the transaction by which he gave less than the face; nor can a subsequent extension, even if usurious interest was agreed to be taken, invalidate a security originally perfect. The usual judgment in foreclosure is directed, with costs.

Judgment of foreclosure directed, with costs.